UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

        Plaintiff,

v.                                  CASE NO. 3:11-cv-466-J-32JBT

STATE OF FLORIDA, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and

Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2).  For the reasons

set forth herein, it is respectfully recommended that the Application be denied without

prejudice and the case be dismissed without prejudice.

## I.    Background

On May 12, 2011, Plaintiff filed the Complaint (Doc. 1) and the Application (Doc.

2) in this case.  In its Order of June 2, 2011, the Court took the Application under

advisement and ordered Plaintiff to file an amended complaint on or before July 5,

2011.  (Doc. 5.)  The Court explained that "[t]he allegations contained in the Complaint

are completely conclusory and do not establish any plausible claim for relief."  (*Id.*)

Additionally, the Court explained the following:

Plaintiff has attached to the Complaint a statement, dated March 7, 2011,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

> from a person named Ian Andino.  However, it is unclear what connection the statement has with the Complaint.  It is also unclear what connection Ian Andino has with Plaintiff and how Plaintiff has standing to bring this case on behalf of Ian Andino if that is what he intends to do.  Plaintiff must clarify this matter.

(*Id.*)  Moreover, the Court notified Plaintiff that failure to file an amended complaint by the deadline might result in a recommendation that this case be dismissed for failure to state a claim on which relief may be granted and/or failure to prosecute.  (*Id.*)

Plaintiff failed to comply with the Court's June 2, 2011 Order.  However, in an abundance of caution, rather than immediately recommending dismissal, the Court entered the Order to Show Cause of July 12, 2011.  (Doc. 6.)  In that order, the Court gave Plaintiff through August 1, 2011 to show cause why this case should not be dismissed, and either file an amended complaint or pay the filing fee.  (*Id.*)  To date, Plaintiff has not filed an amended complaint, paid the filing fee, or otherwise responded to the Court's orders.  Therefore, the Court will recommend that the Application be denied without prejudice and that this action be dismissed without prejudice for failure to state a claim on which relief may be granted and for want of prosecution.

## II.    Analysis

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the Application sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the

2

case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]

With respect to whether the Complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure; therefore, courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true and must be viewed in the light most favorable to the plaintiff.  *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "'Labels and conclusions' or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertion[s]'" will

---

[2] The Court notes that at least six prior cases brought by Plaintiff have been dismissed by this Court *sua sponte* on one or more of the bases set forth in 28 U.S.C. § 1915(e)(2)(B).  *See Fisher v. In the Interest of Ian Andino*, No. 3:11-cv-218-J-34JRK (M.D. Fla.); *Fisher v. Griffis*, 3:11-cv-47-J-32JRK (M.D. Fla.); *Fisher v. In the Interest of James D. Griffis*, 3:09-cv-1107-J-32HTS (M.D. Fla.); *Fisher v. Griffis*, 3:08-cv-829-J-25HTS (M.D. Fla.); *Fisher v. Griffis*, 3:07-cv-165-J-16TEM (M.D. Fla.); *Fisher v. Brannon*, 3:06-cv-876-J-33MCR (M.D. Fla.).  The Eleventh Circuit has recognized that a court may consider a plaintiff's history of filing unmeritorious litigation when determining whether a complaint is frivolous.  *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).  However, the Court is not recommending dismissal of this case pursuant to the frivolousness standard.

not do.  *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Moreover, the complaint must "contain either direct or inferential allegations respecting

all the material elements necessary to sustain a recovery under some viable legal

theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir.

2001) (internal quotation marks and citations omitted).

    Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard

than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.

*Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).  Courts should not

dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii),

"without allowing leave to amend when required by Fed.R.Civ.P. 15."  *Troville v. Venz*,

303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*,

171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss

without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated.").

    As discussed in its Order of June 2, 2011 (Doc. 5), the allegations contained in

the Complaint are completely conclusory and do not establish any plausible claim for

relief.  For instance, Plaintiff states that this "is a case of sexual harrassement [sic]."

(Doc. 1 at 2.)   Plaintiff also states that "Defendant clearly violated Plaintiff's 8th

Amendment rights." (*Id.* at 3.)  However, Plaintiff does not include in the Complaint any

factual allegations in support of his claim.  As the Complaint is currently drafted, it does

4

not include "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, it fails to state a claim on which relief may be granted. In addition, it is unclear what connection Ian Andino (*see* Doc. 1 at 5-6) has with Plaintiff and how Plaintiff has standing to bring this case on behalf of Ian Andino if that is his intent.[3] Accordingly, the case is due to be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, the Court gave Plaintiff two opportunities to file an amended complaint, but Plaintiff never filed an amended complaint or otherwise responded to the Court's orders. Therefore, the case is also due to be dismissed for want of prosecution. *See* M.D. Fla. R. 3.10(a).

Upon consideration of the foregoing, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED without prejudice**.

2.      The case be **DISMISSED without prejudice**.

---

[3] In his Affidavit of Indigency filed in this case, Plaintiff represents that "Ian Nicholas Andino" is his spouse. (Doc. 2 at 2.) Similarly, in one of the prior cases Plaintiff brought in this Court, he indicated that "Ian Andino" was his spouse. Affidavit of Indigency, *Fisher v. In the Interest of Ian Andino*, No. 3:11-cv-218-J-34JRK (M.D. Fla. Mar. 8, 2011). In that case, which the Court dismissed *sua sponte*, Plaintiff sought custody over Andino. Petition, *Fisher*, No. 3:11-cv-218-J-34JRK (M.D. Fla. Mar. 8, 2011). However, regardless of the relationship between the two, Plaintiff has still failed to allege how he has standing to bring any claim on behalf of Andino.

5

**DONE AND ENTERED** at Jacksonville, Florida, on August 4, 2011.


_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:    *Pro se* Plaintiff